UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cr-00100-MOC-DSC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **SHANNA JEAN BRANDON,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se Motion to Reduce Sentence. This court sentenced defendant on November 30, 2016, and entered a Judgment on December 5, 2016, providing for a sentencing that included 84 months imprisonments. In her motion, defendant asks this court to reduce the sentence for compassionate reasons, and states that she believes this court has the authority to reduce that now final decision. Except upon motion of the government under Federal Rule of Criminal Procedure 35 or for some clerical error under Rule 36, this court lacks authority to alter a sentence.

If she believes the sentence is an illegal one (which is an allegation not apparent in this letter) defendant is advised that she has the right to file a petition under 28 U.S.C. § 2255. Defendant is specifically advised that the compassionate reasons she has provided in her letter would not be a basis for relief under Section 2255. Before making this decision, the defendant should consider that if she files a § 2255 motion, it will be defendant's first § 2255 petition, which will mean that before defendant can thereafter file a second or successive § 2255 petition, the defendant must apply for and receive certification from the United States Court of Appeals for the Fourth Circuit. In making such determination, defendant should consider that the law

1

imposes a one year statute of limitations on the right to bring a motion pursuant to §2255. This one year period begins to run at the latest of:

1. the date on which the judgment of conviction became final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Defendant is advised to discuss this matter with legal counsel if counsel remains in the case.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's *pro se* Motion to Reduce Sentence (#94) is **DENIED.**

Signed: August 7, 2017

Max O. Cogburn Jr.
United States District Judge