**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:16-CR-00100-MOC-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **SHANNA JEAN BRANDON,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Emergency Motions for Modification of Sentence. See Doc. Nos. 115–16, 118–24. Defendant requests the Court to reduce her sentence based on the "extreme circumstances of COVID-19." Doc. No. 115 at 3; see Doc. No. 118 at 2. In support, she maintains that she suffers from several health conditions which might exacerbate COVID-19, including "breathing problems," an "irregular beating" heart, obesity, and dizziness. Doc. Nos. 115 at 2, 118 at 3, 121 at 3. She also asserts she has been a "model inmate" while in jail. Id.; see Doc. No. 118 at 4.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, the Government asserts that Defendant failed to provide the Bureau with thirty days to evaluate her compassionate release request before seeking relief from this Court. See Doc. No. 117 at 7. Defendant does not dispute this failure. See Doc. Nos. 115, 118, 120, 122. Rather, she maintains that "prisoners no longer have to exhaust [administrative] remedies before going to the court, in light of the COVID-19 pandemic, and the sensitivity of the potential danger." Doc.

No. 120 at 4.  Defendant is correct that some courts have excused the failure to exhaust administrative remedies during the COVID-19 pandemic.  See, e.g., United States v. Russo, No. 16-CR-441, 2020 WL 1862294, at *6 (S.D.N.Y. Apr. 14, 2020).  But the Bureau shares this Court's "desire for a safe and healthy prison environment."  Raia, 2020 WL 1647922, at *2.  Given the Attorney General's directive that the Bureau "prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic," the Court is confident that the Bureau will speedily resolve Defendant's compassionate release request.  Id. (quoting Memorandum from Attorney Gen. to Dir., Bureau of Prisons 1 (Mar. 26, 2020)).  Because Defendant has failed to exhaust the administrative remedies provided by the Bureau, the Court declines to exercise any discretion it might have to modify Defendant's term of imprisonment at this time.  See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau).  Defendant may refile her motion upon exhausting administrative remedies.[1]

---

[1] The Court notes that Defendant has not submitted any evidence to the Court showing that she has both a model disciplinary record and an increased health risk from COVID-19.  Defendant indicated that she "has requested [medical] records . . . with no response" from the Bureau.  Doc. No. 120 at 3.  The Court is sympathetic to the administrative burden that the pandemic has created, but it is critical that prisoners have access to these records when filing motions.  The Court thus requests that the Bureau provide these documents to Defendant as expeditiously as possible.

# ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Emergency Motions for Modification of Sentence, Doc. Nos. 115–16, 118–24, are **DENIED**.

Signed: May 12, 2020

Max O. Cogburn Jr
United States District Judge