**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**DOCKET NO. 3:16-CR-00100-MOC-DSC**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **SHANNA JEAN BRANDON,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** comes before the Court on the pro se Defendant's Motions for Reconsideration of the Court's prior Order denying her Motion for Compassionate Release. See Doc. No. 127, 128, 129. As explained below, Defendant's motions are again denied at this time.

On May 12, 2020, the Court entered an Order denying Defendant's Motion for Compassionate Release because she "failed to provide the Bureau with thirty days to evaluate her compassionate release request before seeking relief from this Court." Doc. No. 126 at 1. The Court indicated she "may refile her motion upon exhausting administrative remedies." Id. at 3. Defendant indicates that she received that Order on May 18, 2020. See Doc. No. 127. The very next day, she sent a letter requesting the Court to reconsider.[1] See id. According to her, the prison staff "have foreclosed any efforts toward . . . progress on any matter," including motions for compassionate release. See id. at 6 (emphasis in original). But, by Defendant's own admission, the Bureau continues to process compassionate release motions—albeit not at the pace she would like. See id. at 2 (noting "[t]here are very few [prisoners] who are being released at this time").

In her latest filing, Defendant included a document showing that she asked the Bureau to

---

[1] Defendant also requests the Court to Order the Bureau to produce "all documents . . . necessary to make a proper decision" on her request. Doc. No. 127. From her latest filing, it appears that Defendant received the necessary documents that she previously sought. See Doc. No. 129.

file a compassionate release motion on her behalf on May 14, 2020. See Doc. No. 129-1. While the warden of her prison denied her initial request, she was instructed that she could appeal that decision through the administrative remedy procedure. See id. Defendant has not indicated that she filed an appeal and that her appeal was denied. See generally Doc. No. 129. Still, she refused to provide the Bureau with the statutory thirty days to evaluate her compassionate release. See 18 U.S.C. § 3582(c)(1)(A)(i); see also United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Again, because Defendant has failed to provide the Bureau with time to evaluate her request, the Court will decline to exercise any discretion it might have to order compassionate release at this time. Defendant may refile her request after: (1) she exhausts all administrative remedies, or (2) after thirty days, should the Bureau fail to decide her appeal before June 14, 2020.

## ORDER

**IT IS, THEREFORE, ORDERED** that the pro se Defendant's Motions for Reconsideration, Doc. Nos. 127, 128, 129, are **DENIED**.

Signed: June 6, 2020

Max O. Cogburn Jr
United States District Judge