UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cr-100-MOC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| SHANNA JEAN BRANDON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant Shanna Jean Brandon's pro se Motion for Reconsideration (Doc. No. 146), asking this Court to reconsider its Order (Doc. No. 139) denying Defendant's Motion for Compassionate Release. The Government has responded in opposition to the motion. (Doc. No. 150).

I. BACKGROUND

Defendant is serving an 84-month sentence for participating in a methamphetamine trafficking conspiracy. (Doc. No. 84). Defendant is incarcerated at FPC Alderson in Alderson, West Virginia, with a current release date of March 20, 2022.

II. DISCUSSION

As the Government notes, this is Defendant's twentieth filing with this Court requesting early release based on COVID-19 conditions at FPC Alderson. (See Doc. Nos. 115, 116, 118–25, 127–29, 133–35, 138, 140–41). In an Order dated July 22, 2020, the Court thoroughly reviewed the factors relevant to its consideration of Defendant's prior motions for compassionate release, including Defendant's medical conditions, the nature and circumstances of her offense, and the Bureau of Prisons' (BOP's) response to the COVID-19 pandemic. (See Doc. Nos. 139, 146). The

-1-

Court found that Defendant failed to present extraordinary and compelling reasons warranting a reduction in her sentence. (Doc. No. 139 at 5). The Court noted Defendant was "involved in a large-scale drug trafficking conspiracy that involved several firearms for 'protection' during her drug runs." (Id.). The Court denied Defendant compassionate release because it would "create unwarranted sentencing disparities, would fail to serve the need for specific and general deterrence and would fail to reflect the seriousness of the offense." (Id.). Defendant does not dispute any of these findings.

Defendant claims in the pending motion for consideration that "current circumstances at FPC Alderson have changed" since the Order denying her compassionate release. (Doc. No. 146 at 1). Defendant claims that 21 inmates and seven staff members at FPC Alderson have tested positive for COVID-19 and that the facility has not implemented quarantine and testing protocols. (Doc. No. 146 at 1). However, BOP reports on its Internet site there are currently no inmates or staff members with positive COVID-19 tests.[1] Thirty-five inmates and 36 staff members have contracted COVID-19 at FPC Alderson and recovered. (Id.). Moreover, contrary to Defendant's claims, FPC Alderson continues to take COVID-19 seriously, as it is operating at Level 3 COVID protocols, which means that it is enforcing intense modifications to its operations to mitigate the spread of COVID-19.[2] More importantly, 397 inmates and 70 staff

---

[1] See BOP, "COVID Update," https://www.bop.gov/coronavirus (Oct. 19, 2021).
[2] BOP, "Modified Operational Levels," https://www.bop.gov/coronavirus (Oct. 19, 2021). COVID-19 protocols in effect at FPC Alderson include no visitors, staff members are screened for COVID-19 symptoms and temperature checked prior to entering the facility, inmates and staff are required to masks inside the facility, inmates with known or suspected COVID-19 infection are placed in medical isolation for 10 days, and all new inmates without vaccination are quarantined for 14 days. BOP, "FPC Alderson," https://www.bop.gov/locations/institutions/ald, (Oct. 19, 2021); BOP, https://www.bop.gov/coronavirus/covid19_modified_operations_guide.jsp (Oct. 19, 2021).

members at FPC Alderson have been fully vaccinated.[3]

Additionally, Defendant's medical records confirm she received two doses of the Moderna vaccine (on August 26, 2021, and September 21, 2021), so she is now fully vaccinated.[4] The Centers for Disease Control and Prevention evaluated the "Delta Variant" of COVID-19 and found the Moderna COVID-19 vaccine remains "effective."[5] Because Defendant's vaccination significantly mitigates contracting COVID-19, the risk of contracting the virus is insufficient, on its own, for Defendant to establish an "extraordinary and compelling" reason for compassionate release. Similarly, Defendant's medical conditions, including asthma, do not rise to the level of "extraordinary or compelling" on their own.[6] Even with asthma and obesity, Defendant's recent vaccination significantly reduces her risk of severe complications and hospitalization from COVID-19. And Defendant's health records indicate she has been receiving regular medical care, including medications for her underlying health conditions and transportation for care in a hospital when needed.[7]

---

[3] BOP, "COVID-19 Vaccine Implementation," https://www.bop.gov/coronavirus/(Oct. 19, 2021).
[4] BOP Electronic Medical Record (BEMR), Shanna Jean Brandon, Inmate No. 32717-058.
[5] CDC, Benefits of Getting a COVID-19 Vaccine, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (Aug. 16, 2021) ("Vaccines continue to be highly effective at preventing hospitalization and death, including against this [Delta] variant").
[6] See CDC, "People with Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (Oct. 19, 2021).
[7] Defendant's medical records show that her medical condition is essentially unchanged. Defendant still suffers from asthma treated with Albuterol. On or about November 15, 2020, Defendant was transported to the emergency room at the Greenbriar Valley Medical Center, after complaining of chest pain and difficulty breathing. In the emergency department, Defendant underwent medical testing that included electrocardiogram, serial cardiac enzymes, chest x-ray, and additional routine labs. These tests showed no abnormalities leading to a diagnosis of costochondritis—inflammation of the musculoskeletal structures of the chest wall—which was treated with a steroid. Since November 2020, Defendant has accessed and received medical

Finally, the Government notes in its opposition brief that on September 29, 2021, Defendant lost 27 days good time and email privileges for fighting with another inmate.[8] Defendant denied hitting the other inmate and contends the reporting officer did not see the incident. (Id.). Defendant's current good time release date is March 20, 2022. She has now served over 67 months of her 84-month sentence.

In sum, Defendant has failed to present "extraordinary and compelling reasons" warranting a reduction in her sentence. She has shown no facts to support her claim that conditions at FPC Alderson have deteriorated since the Court denied her motion for compassionate release on July 20, 2020. In any event, she still poses a danger to the community. Defendant was involved in a large-scale drug trafficking conspiracy involving several firearms for protection during her drug runs. For this reason, BOP did not release Defendant to home confinement, and it was a primary reason why this Court denied her motion for compassionate release after considering the Section 3553(a) factors. Defendant's recent BOP infraction for fighting and loss of good time validates the Court's earlier finding that Defendant's early release is not warranted.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Pro Se Motion for Reconsideration, (Doc. No. 146), is **DENIED**.

---

treatment at FPC Alderson for asthma and anxiety. (Id.).
[8] See Inmate Disciplinary Data, PD-15 (Oct. 18, 2021).

Signed: October 28, 2021

Max O. Cogburn Jr
United States District Judge